IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:11-CR-212-N |
| | § | |
| JERRY GOH  (03) | § | **ECF** |

**GOVERNMENT'S RESPONSE TO
DEFENDANT GOH'S MOTION FOR
GOVERNMENT CERTIFICATION OF BRADY COMPLIANCE**

TO THE HONORABLE JUDGE DAVID C. GODBEY:

**I.      Relevant Case History**

On February 27, 2012, the Court issued an order continuing the trial date from March 12, 2012 to the one week docket of October 1, 2012 for trial.

On February 27, 2012, the Court issued an Amended Pretrial Order in this case. Part of that order included the following:

- the government shall provide full discovery to each defendant in accordance with Rule 16(a), Fed. R. Crim. P. thirty-five (35) days before trial, and each defendant shall provide full discovery to the government twenty-eight (28) days before the trial in accordance with Rule 16(b);

- the government shall in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963), provide each defendant with all of the exculpatory evidence it possesses concerning that defendant thirty-five (35) days before trial; and

- the government shall provide each defendant with all Jencks material (18 U.S.C. § 3500) on the day prior to testimony of the witness to whom such material relates.  The defendant shall do likewise.

On April 25, 2012, the government filed a response to defendant's motion for exculpatory evidence. In that response, the government explained the ongoing efforts to make full discovery to defendant Goh of all items in the government's possession long before the deadline of thirty-five (35) days before trial set for forth in the Court's Amended Pretrial Order issued on February 27, 2012. In this response, the government readily acknowledged the government's ongoing obligation to provide discovery to the defendant Goh.

On April 25, 2012, the government also filed a response to a defense motion requiring that the government disclose the name of an FBI agent who engaged in an undercover operation involving defendant Goh. Although the government continues to oppose other relief requested in the motion, the government agreed to disclose the identity of this undercover agent. On May 4, 2012, the identity and contact information of this undercover agent was provided to defense counsel.

## II.   Frivolous Motion Requiring Government to Certify *Brady* Compliance

Notwithstanding the government's stated willingness to provide timely discovery long before the Court ordered deadline of thirty-five (35) days before trial, defense counsel for defendant Goh filed a frivolous motion requesting that the Court order government counsel to certify to the Court that government counsel disclosed all *Brady* information and complied with all ethical obligations.

In the nearly twenty-five (25) years of experience by the undersigned as an Assistant United States Attorney, this motion is completely unprecedented. This motion is frivolous and thus a waste of time for both government counsel and the Court. This motion is offensive to both government counsel and to the Court. The only logical conclusion to be drawn from this motion is that defense counsel believes:

- that government counsel is either unaware of his legal and ethical

obligations concerning timely discovery, or government counsel cannot be trusted to comply with those obligations absent some certification requirement to the Court; and

- the Court lacks the inherent contempt power to enforce its Amended Pretrial Order - and to insure government compliance with this order - the Court must issue yet another order requiring government counsel to "certify" that he has complied with the Amended Pretrial Order.

### III.   Conclusion

For the reasons stated above, this motion is frivolous and insulting to both government counsel and the Court.  There is no good faith basis for this motion.  The motion clearly suggests that government counsel cannot be trusted to comply with routine court orders and that the Court presently lacks the power to enforce its own orders.  Granting the motion would establish a disturbing precedent that government counsel must routinely "certify" to the Court that government counsel has complied with all legal and ethical discovery obligations.   Accordingly, this motion should be denied.

        Respectfully submitted,

        SARAH R. SALDAÑA
        UNITED STATES ATTORNEY

        *S/ David L. Jarvis*
        DAVID L. JARVIS
        Assistant United States Attorney
        State Bar No. 10585500
        1100 Commerce Street, Third Floor
        Dallas, Texas  75242-1699
        Telephone: 214.659.8729
        Facsimile:  241.767.4100
        david.jarvis@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on <u>May 7, 2012</u> I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

      <u>Jim Burnham, Attorney for defendant Jerry Goh</u>

                              *S/ David L. Jarvis*
                              DAVID L. JARVIS
                              Assistant United States Attorney