IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | Case No. 3:11-CR-212-N |
| v. | § | |
| | § | |
| JERRY GOH  (03) | § | **ECF** |

## MOTION FOR RECIPROCAL DISCOVERY

The United States, acting by and through the undersigned United States Attorney for the Northern District of Texas, requests an Order that defendant Jerry Goh produce reciprocal discovery as detailed in this motion.

Specifically, the government formally requests reciprocal discovery as required pursuant to Fed. R. Crim. P. 16(b)(A) (B) and (C), as well as defense production of all witness statements pursuant to Fed. R. Crim. P. 26.2.  Prior to the filing of this motion, defendant Jerry Goh requested disclosure of government evidence pursuant to Fed. R. Crim. P. 16(a)(1)(E). The government has complied and produced such discovery evidence.  To the extent that any of the below listed items are within the defendant's possession, custody, or control; the government respectfully requests that this Court order defendant Goh to produce copies of all such evidentiary items to the government or, in the alternative, permit the government to inspect and copy or photograph the following:

(a)  any and all books, papers, documents, data, photographs, tangible objects, buildings or places, or any other form of evidence - if the defendant intends to use such evidence in the defendant's case in chief at trial (Fed. R. Crim. P. 16(b)(A));

**Government's Motion for Reciprocal Discovery - Page 1**

(b) any and all digital evidence - if the defendant intends such evidence in the defendant's case in chief at trial (Fed. R. Crim. P. 16(b)(A));

(c) any and all results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the case - if the defendant intends such evidence in the defendant's case in chief at trial   (Fed. R. Crim. P. 16(b)(B)); and

(d) a written summary of any expert witness testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Criminal Procedure, and this summary must describe the witness's opinions, the bases and reasons for such opinions, and the witness's qualifications (Fed. R. Crim. P. 16(b)(C));

Both before and after indictment, the government has provided Mr. Burnham with voluminous discovery of documents and tape recorded conversations.  The scope of evidence the government has already provided to the defense includes: audio (tape recording) evidence, grand jury evidence, and other documentary evidence.   Many of these documentary materials will be used  by the government as evidence at trial.

The Supreme Court favors a criminal justice system that permits a complete, truthful disclosure of the critical facts. *Taylor v. Illinois*, 484 U.S. 400, 412 (1988). "Discovery, like cross-examination, minimizes the risk that a judgment will be predicated on incomplete, misleading, or even deliberately fabricated testimony."). *Id.* at 411-12.  A criminal jury trial is not "a poker game in which players enjoy an absolute right always to conceal their cards until played." *Williams v. Florida*, 399 U.S. 78, 82 (1970).  In *Williams*, the

**Government's Motion for Reciprocal Discovery - Page 2**

defense challenged Florida's rule permitting notice of an alibi defense. Finding this form of discovery did not violate due process or fair trial concerns, the Court went on to state that the rule was intended "to enhance the search for truth in the criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence." *Id.* at 81-82.

Similarly, the federal rules which provide for reciprocal discovery were intended to avoid a "trial by ambush" strategy, which runs contrary to the ends of justice. Accordingly, pursuant to Fed. R. Crim. P. 16(b)(A) (B) and (C), as well as Fed. R. Crim. P. 26.2, the government hereby moves formally for reciprocal discovery from defendant Goh in this case. The government requests that such reciprocal discovery be provided not later than thirty-five days prior to the trial setting. The government requests all defense witness statements be provided per local custom at least one day before the witness testifies.

The Government also requests, pursuant to the defendant's continuing duty to disclose in accordance with Fed. R. Crim. P. 16(c), that the defendant be ordered to promptly notify the attorney for the United States of the existence of any additional evidence or material requested or ordered, which is subject to discovery or inspection under Fed. R. Crim. P. 16, and which defendant Goh discovers at a later date prior to or during the trial of this case.

In the event that reciprocal discovery is not produced, the Government requests the Court enter an order barring the introduction and use at trial of any evidence not produced

by defendant Goh in response to this motion for reciprocal discovery.

Dated this 4th day of June, 2012.

Respectfully submitted,

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

*S/ David L. Jarvis*
DAVID L. JARVIS
Assistant United States Attorney
State Bar No. 10585500
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Telephone: 214.659.8729
Facsimile:  241.659.8812
Email: david.jarvis@usdoj.gov

CERTIFICATE OF CONFERENCE

I hereby certify that on June 4, 2012, the undersigned conferred with Jim Burnham, attorney for defendant Jerry Goh and explained the basis for this motion. Attorney Burnham did not have time to consider the motion and was thus unable to take a position on the granting of this motion.

*S/ David L. Jarvis*
DAVID L. JARVIS
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2012, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Jim Burnham, Attorney for defendant Jerry Goh

*S/ David L. Jarvis*
DAVID L. JARVIS
Assistant United States Attorney

**Government's Motion for Reciprocal Discovery - Page 5**